IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| KEITH F. BELL, PH.D., | ) |
| | ) |
| Plaintiff, | ) CIVIL NO. A06-CA-692-SS |
| | ) |
| v. | ) **MOTION OF DEFENDANT PATRICK** |
| | ) **L. TYSON PURSUANT TO FED. R. CIV.** |
| PATRICK L. TYSON, MARC BLOOM, | ) **P. 12(c) FOR JUDGMENT ON THE** |
| BREAKAWAY BOOKS, and | ) **PLEADINGS** |
| CONSORTIUM BOOK SALES & | ) |
| DISTRIBUTION, | ) |
| | ) |
| Defendants. | ) |

**FRITZ, BYRNE, HEAD & HARRISON, LLP**
Dale L. Roberts
98 San Jacinto Boulevard, Suite 2000
Austin, TX 78701
Telephone: (512) 322-4745
Facsimile: (512) 477-5267

**LINDQUIST & VENNUM** P.L.L.P.
Bruce H. Little, Minnesota Reg. #17421X
(*admitted pro hac vice*)
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2205
Telephone: (612) 371-3211
Facsimile: (612) 371-3207

**ATTORNEYS FOR DEFENDANT
PATRICK TYSON**

Defendant Patrick L. Tyson ("Tyson") moves pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings dismissing the First Amended Complaint filed by Plaintiff Keith F. Bell ("Bell") and entering judgment in his favor on all counts.

## STANDARD OF REVIEW

Rule 12(c) motions for judgment on the pleadings are designed to dispose of cases if the material facts are not in dispute and judgment on the merits may be rendered based on the substance of the pleadings and any judicially noticed facts. *Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (*per curiam*). If, when construed in the light most favorable to the plaintiff, the complaint fails to state a valid claim for relief, judgment may be granted for the defendants. *Great Plains Trust Co., et al., v. Morgan Stanley Dean Witter & Co., et al.*, 313 F.3d 305, 312 (5th Cir. 2002).

Although the Court must accept all well-pleaded facts as true, the Court may disregard conclusory allegations or unwarranted deductions of fact. *Id.* at 312-313. The Court may take into account documents attached to the complaint, *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n.4 (5th Cir.), *cert. denied* 525 U.S. 1041, 119 S.Ct. 591, 142 L.Ed.2d 534 (1998), as well as other documents referred to in the pleadings. *Great Plains*, 313 F.3d at 313-314. If a plaintiff is not entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in his complaint, judgment on the pleadings should be granted. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (*per curiam*).

## BELL'S ALLEGATIONS AGAINST TYSON

Bell filed a Complaint[1] on August 30, 2006, alleging breach of contract against Tyson and copyright infringement and federal and common law unfair competition against Tyson,

---

[1] Docket No. 1.

author Marc Bloom ("Bloom"), publisher Breakaway Books, and distributor Consortium Book Sales & Distribution ("Consortium")[2]. On November 15, 2006, Bell filed his First Amended Complaint ("FAC")[3].

Bell owns the copyright in a 68-page literary work titled *Winning Isn't Normal*, that was published in 1982. (FAC ¶¶ 8-11) (Exhibit C)[4] Bell has used the designation "WINNING ISN'T NORMAL" as a service mark in the field of sports psychology. (*Id.* ¶¶ 12-14.)

In about 1990 Tyson obtained a copy of a page from *Winning Isn't Normal* ("the Excerpt") and made and distributed an unauthorized copy (the so-called "Infringing Work"[5]). (*Id.* ¶¶ 15-16). As the Infringing Work was further disseminated, authorship was incorrectly attributed to Tyson. (*Id.* ¶¶ 17-18). In early 2001, Bell contacted Tyson and alleged infringement. (*Id.* ¶¶ 19-25).

Bell proposed in an April 27, 2001, letter, that he and Tyson resolve the dispute by entering into a business arrangement in which Tyson would purchase copies of Bell's books and/or engage Bell's services and purchase other products. (FAC, Exhibit D)[6] In a handwritten letter dated May 9, 2001, Tyson assured Bell that he had destroyed all copies of the Infringing work and no longer would copy or distribute it. (FAC, Exhibit E)[7] There is no allegation that there was further direct communication between Bell and Tyson.

In 2004, Bloom published *God on the Starting Line: The Triumph of a Catholic School Running Team and Its Jewish Coach* ("The Bloom Work"). (FAC, Exhibits F and G)[8] A copy of

---

[2] Breakaway Books and Consortium reached settlement pursuant to Fed. R. Civ. P. 68 (Docket Nos. 28 and 29.) The Rule 68 judgments are not "pleadings" as defined in Fed. R. Civ. P. 7(a).
[3] Docket No. 5-1.
[4] Docket No. 5-2, page 8.
[5] For the purposes of this motion only, Tyson adopts the terminology used by Bell. For example, Tyson's copy of less than one page of Bell's 68-page book is referred to as "the Infringing Work."
[6] Docket No. 5-2, page 10.
[7] Docket No. 5-2, page 12-13.
[8] Docket No. 5-2, page 16-17, 19-20.

The Infringing Work is reprinted in the Bloom Work. (FAC, Exhibit G)[9] Bell alleges that The Bloom Work infringes his copyright and alleges, on information and belief, that Tyson gave Bloom permission to reprint The Infringing Work. (FAC ¶¶ 28, 30, 32).

## ARGUMENT

Tyson is entitled to judgment on the pleadings on all five counts asserted against him. Bell's claims for copyright infringement (Count I), federal unfair competition (Count VI), and common law unfair competition (Count VII) are barred by the applicable statutes of limitations. The claim for contributory copyright infringement (Count V) is based on a conclusory allegation and unwarranted deduction of fact and is barred by the doctrine of "fair use" codified at 17 U.S.C. § 107. The Lanham Act claim (Count VI) also is precluded by the Copyright Act, because the Lanham Act cannot be extended to prohibit false claims of origin of inventive or communicative work. *See,* J. Thomas McCarthy, *McCarthy On Trademarks and Unfair Competition*, § 27:77.1 (4th ed. 2007). The common law claims of unfair competition (Count VII) and breach of contract (Count VIII) are preempted by 17 U.S.C. § 301(a); and the breach of contract claim also fails because Tyson and Bell did not enter into a contract (or if they did, Tyson did not breach it).

### A. Copyright Infringement (Count I)

Bell filed his Complaint on August 30, 2006. Under the Copyright Act "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C § 507(b). Bell learned of the alleged infringement in the spring of 2001 (FAC, ¶¶ 19-25), more than five years before he filed the lawsuit. All acts of direct infringement alleged against Tyson occurred before May 9, 2001, the date of Tyson's

---

[9] Docket No. 5-2, page 19-20.

letter. (FAC, ¶¶ 16, 17, 20, 22-23, 26, 46-50). Thus, Bell's copyright infringement claim against Tyson is time-barred.

Because Bell's claim for direct copyright infringement is barred by 17 U.S.C. § 507(b), all other claims based upon the claim of direct infringement are also time-barred. *See, Weber v. Geffen Records, Inc.*, 63 F. Supp. 2d 458, 464 (S.D.N.Y. 1999) (no cause of action, whether or not brought under the Copyright Act, may be premised on a time-barred challenge to a copyright).[10] To the extent that Bell's claims for federal unfair competition in violation of the Lanham Act, common law unfair competition, or breach of contract require the Court to apply or interpret the Copyright Act, those claims are also time-barred. *Weber*, 63 F. Supp. 2d at 464.

## B. Contributory Infringement (Count V)

Bell alleges that Tyson contributed to Bloom's infringement of Bell's copyright by authorizing Bloom to include the Infringing Work in Bloom's book after May 9, 2001. (FAC Count V, ¶¶ 28, 32, 60-65). Bell makes that allegation "on information and belief," *(Id.)*, and Tyson and Bloom both deny it. (Tyson Answer, ¶ 29)[11]; (Bloom Answer, ¶ 29)[12]. Both Bloom and Tyson admit that, prior to May 9, 2001, Tyson may have authorized Bloom to use material from the Mead High School Cross Country "team book" and that the team book included the Infringing Work. (Tyson Answer ¶¶ 32-33; Bloom Answer ¶¶ 29, 33). The responses of Tyson and Bloom are consistent with the narrative in the Bloom Work, which describes events in the fall of 2000 (Little Declaration, Exhibit 5, p. 235) - - more than six months before Tyson even was aware of Bell's claim to authorship of the Excerpt. The responses of Tyson and Bloom are also consistent with Bell's allegations -- Bell was aware that Tyson had previously distributed the

---

[10] *See also, Johnson v. Berry*, 228 F.Supp.2d 1071, 1077 (E.D. Mo. 2002) (holding that a plaintiff cannot state a claim using a non-copyright cause of action if that cause of action depends on a copyright claim that is time-barred under 17 U.S.C § 507(b)).
[11] Docket No. 34.
[12] Docket No. 15.

4

Infringing Work, but he did not require Tyson to take any action to compensate for that earlier distribution. (FAC, Exhibit D, p. 10)

To prevail on a claim of contributory infringement, a plaintiff must prove direct infringement. *Sony Corp. v. Universal City Studios,* 464 U.S. 417, 434, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984). Bell cannot prove direct infringement by Bloom. Due to space limitations, Tyson will not present separate arguments on the issue of Bloom's direct infringement but adopts herein the arguments presented in Bloom's Motion for Judgment On The Pleadings and asserts that, because there is no direct infringement, there can be no contributory infringement.

The plaintiff must also prove that the contributory infringer was in a position to control the infringing party's use of the copyrighted works, and authorized the use without permission from the copyright owner. *Id.* at 437, citing *Kalem Co. v. Harper Brothers,* 222 U.S. 55, 32 S.Ct. 20, 56 L.Ed. 92 (1911) (J. Holmes). A plaintiff must therefore prove (1) that the defendant had knowledge of the infringing activity, and (2) that the defendant's participation in the infringing activity was substantial. *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.,* 443 F.2d 1159, 1162 (2d Cir.1971).

The allegation on "information and belief" that Tyson authorized Bloom to reprint the Infringing Work five years after learning of Bell's claim of infringement is an unwarranted deduction of fact. The known fact is that before the 2000 cross-country season began, Tyson gave Bloom the Infringing Work and Bloom used it to inspire his team. Bloom accurately reported those events, including his misunderstanding of the provenance of the Infringing Work. It is not reasonable for Bell to conclude that Tyson would authorize Bloom to reprint the Infringing Work and credit it incorrectly to Tyson more than two years after Tyson became aware of Bell's

copyright claim. The Court may reject Bell's conclusory allegation and enter judgment in favor of Tyson.

### C. Federal Unfair Competition (Count VI)

Bell alleges that Tyson engaged in unfair competition in violation of § 1125(a) of the Lanham Act (a) by adopting "the confusingly similar designation 'Winning Isn't Normal,' in connection with his educational services in the nature of athletic coaching and consulting," (b) by making unauthorized copies of the Excerpt, and (c) by creating and distributing an infringing copy of the Excerpt. (FAC, Count VI, ¶ 70).

As set forth at p. 4 *supra*, to the extent Bell's claim for federal unfair competition is based on copyright infringement, it is barred by the Copyright Act statute of limitations. In addition, there are two other grounds for entry of judgment in favor of Tyson on the Lanham Act claim.

Bell does not allege that Tyson used the phrase "WINNING ISN'T NORMAL" in connection with coaching and consulting services after May 9, 2001. If Tyson ever used "WINNING ISN'T NORMAL" as a service mark, any claim for unfair competition based upon his use is barred by the statute of limitations.

The Lanham Act does not include a separate statute of limitations, so courts borrow the appropriate limitations period from the parallel state law for unfair competition. In Texas, a Lanham Act violation is governed by the four-year statute of limitations for fraud. *Tex.Civ.Prac. & Rem.Code* § 16.004. *See Edmark Industries SDN. BHD. v. South Asia Int'l. (H.K.) Ltd.*, 89 F.Supp.2d 840, 846(E.D. Tex. 2000) (holding that the Texas four-year fraud limitations period applies to Lanham Act claims under § 1125(a)). There is no allegation that Tyson used the phrase after May 9, 2001, and any claim based on service mark use of "WINNING ISN'T NORMAL" is time-barred if it occurred more than four years before the Complaint was filed.

Bell's Lanham Act unfair competition claim is also precluded by *Dastar Corporation v. Twentieth Century Fox Film Corp., et al.*, 539 U.S. 23, 123 S.Ct. 2041, 156 L.Ed.2d 18 (2003), the most recent United States Supreme Court ruling on the interplay between the Copyright Act and the Lanham Act. Twentieth Century Fox ("Fox") sued Dastar under the Lanham Act for "reverse passing off," i.e., misrepresenting someone else's goods or services as its own. *Id.* at 28, n.1. According to Fox, Dastar engaged in false designation of origin by repackaging a Fox-owned program that had fallen into the public domain, not giving credit to Fox, and designating Dastar as the producer. *Id.* at 27. Bell makes the same allegation against Tyson in this case – that Tyson not only failed to give Bell credit but improperly appropriated credit to himself. The Supreme Court rejected Fox's claim, holding that there is no violation of the Lanham Act based on an allegedly false claim of authorship, invention, or creation. *Id.* at 37. As the phrase "false designation of origin" is used in the Lanham Act, the word "origin" denotes only the manufacturer or producer of physical goods and not the creator of the intellectual property embodied in those goods. *Id. Dastar* bars Bell's claim that Tyson violated § 1125(a) of the Lanham Act. *See, Corbis Corp. v. Amazon.com, Inc.*, 351 F.Supp.2d 1090, 1116-17 (W.D. Wash. 2004) (rejecting a reverse passing off claim, based on *Dastar*, because it was a restatement of plaintiff's copyright claim).

Count VI of the Complaint should be dismissed because it is barred both by 17 U.S.C. § 507(b) and the Texas state fraud statute of limitations, and because the Lanham Act claim duplicates copyright claims.

### D.     Common Law Unfair Competition (Count VII)

Bell's allegation of common law unfair competition repeats the earlier allegations against Tyson (FAC ¶¶ 77-78), and also is barred by the Copyright Act statute of

7

limitations. The common law unfair competition claim also is preempted by the Copyright Act.[13]

A claim is preempted by § 301 if the cause of action (1) "falls within the subject matter of copyright" and (2) "protects rights that are equivalent to any of the exclusive rights of copyright as provided in 17 U.S.C. § 106. *Computer Management Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 404 (5th Cir. 2000). If the "subject matter" in dispute is material appropriate for protection under the Copyright Act, and the act of reproduction, distribution, or display forms the basis of the cause of action, then the "right" asserted is equivalent to a § 106 right. *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir. 1990). If the right is equivalent, the claims are preempted. *Id.*

Bell's common law unfair competition claim is based upon Tyson's alleged copying of the Excerpt and the creation and distribution of the Infringing Work. (FAC, ¶¶ 47-51, 61-65, 69-70). The rights to copy, create, and distribute works of expression are 17 U.S.C. § 106 rights. The claim for common law unfair competition is preempted by 17 U.S.C. § 301(a).

### E. Breach of Contract (Count VIII)

The breach of contract claim is nothing more than a restatement of Bell's claim for contributory infringement. (*See*, FAC, Count V, ¶¶ 60-65). A claim for breach of contract is preempted when it arises directly from the Copyright Act and its resolution depends upon application of the statute. *See, Johnson v. Tuff-N-Rumble Mgmt., Inc.*, No. 02-1734, 2002 WL

---

[13] 17 U.S.C. § 301(a) provides:
> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in the works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified in sections 102 and 103 . . . are governed exclusively by this title. Therefore, no person is entitled to any such right or equivalent right in any such work under the common laws or statutes of any State.

8

31819167 (E.D. La. Dec. 13, 2002) (Little Declaration, Exhibit 6). *See also McConley v. Boise Building Solutions Manufacturing, L.L.C. et al.*, No. 05-1006, 2006 WL 709599 (W.D. La. March 21, 2006) (Little Declaration, Exhibit 7). Bell claims that Tyson breached the purported contract by authorizing Bloom to reprint the Infringing Work. Elsewhere, he characterizes the alleged authorization as contributory infringement. The breach of contract claim therefore is preempted by § 301(a).

Furthermore, there was no contract for Tyson to breach. Bell's letter (FAC, Exhibit D) does not propose specific terms which, if accepted, would constitute a settlement. Rather, Bell's April 27, 2001, letter offers Tyson some ideas for discussion, i.e. "a bulk order for 'Winning Isn't Normal' for distribution to your teams and other purchase of my services and other products or both." (*Id.*) Bell insisted that he and Tyson "need to come to some agreement as to how to remedy the harm caused by your past use of my work and by past and continuing use of my work by others to whom you have distributed it without permission and without proper attribution, and the harm caused by my work appearing on others' websites and being attributed to you. . . ." (*Id.*)

Bell reserved his legal rights and requested a response in ten days. *Id.* Tyson offered him no monetary compensation or orders for products or services, and offered to take no corrective action for his prior distribution. He explained and apologized, confirmed that he had destroyed all his copies, and agreed to end authorized copying and distribution. (FAC, Exhibit E).

The "contract" alleged by Bell lacks the fundamental requisites of offer and acceptance. Bell invited Tyson to negotiate; Tyson stopped the alleged infringement and disregarded Bell's overtures for a "business solution." Under Texas law, a valid contract requires a meeting of the minds. *Oliver v. Kroger Co.*, 872 F. Supp. 1545, 1549-1550 (N.D. Tex. 1994). "The meaning reasonably conveyed by the parties' actions and words, rather than their uncommunicated

9

subjective intentions, controls whether a contract has been formed." *Fuqua v. Fuqua*, 750 S.W.2d 238, 245 (Tex. App.1988), citing *Slade v. Phelps*, 446 S.W.2d 931 (Tex. Civ. App. 1969) (other citations omitted). Bell asked for compensation, and more; Tyson did not agree to pay.

Bell's attempt, five years after the fact, to elevate to a contract his decision not to pursue legal action is a conclusory allegation based upon an unwarranted deduction of fact. The Court is not required to accept such an allegation, *Great Plains,* 313 F.3d at 313. Moreover, if there was a contract, Tyson has not breached it. He promised only to end copying and distribution, and there is no allegation that he has copied or distributed. Judgment should be entered in favor of Tyson.

## CONCLUSION AND PRAYER

For all of the foregoing reasons, Defendant Patrick Tyson is entitled to and respectfully requests judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), dismissing all counts against him in the First Amended Complaint and entering judgment in his favor and against Plaintiff Keith F. Bell. Tyson will submit a motion pursuant to 17 U.S.C. § 505 and this Court's local rule CV-7 to recover his reasonable costs, including attorney fees incurred in defense of this matter.

Date: 12/10/2007

*/s/ Dale L. Roberts*

FRITZ, BYRNE, HEAD & HARRISON, LLP
Dale L. Roberts, TX State Bar No. 24001123
98 San Jacinto Boulevard, Suite 2000
Austin, TX 78701
Telephone: (512) 322-4745
Facsimile: (512) 477-5267

LINDQUIST & VENNUM P.L.L.P.
Bruce H. Little, Minnesota Reg. #17421X
(*admitted pro hac vice*)
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2205
Telephone: (612) 371-3211
Facsimile: (612) 371-3207

10

ATTORNEYS FOR DEFENDANT
PATRICK TYSON

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of December, 2007, true and correct copies of the following documents were served on all counsel by electronic mail by delivery of notice of electronic filing:

Randolph Houston
Fortkort & Houston P.C.
9442 N. Capital of Texas Highway, Suite 500
Austin, TX 78759

_____
Dale L. Roberts